UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DEANTAY SANTEZ FORD,

    Petitioner,

v.

WARDEN, USP – MCCREARY,

    Respondent.

Civil Action No. 6:20-080-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Deantay Santez Ford is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Ford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Ford claims that his 2015 federal conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Ultimately, Ford has failed to demonstrate that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. Thus, the Court will deny Ford's petition.

In August 2015, Ford pled guilty to one count of being a felon in possession of a firearm for conduct that occurred five months earlier, in March 2015. *See United States v. Deantay Santez Ford*, No. 5:15-cr-046 at R. 15 (E.D. Ky. 2015). In Ford's plea agreement, he admitted "that he knowingly possessed a firearm and that at the time of the possession of the firearm he had been previously convicted of the felony offense of Assault Third Degree by final judgment

of the Fayette Circuit Court, Case Number 11-CR-1024, on or about December 9, 2011." *Id.* at R. 15 at 3. Ford also acknowledged "that Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Ryan Caudill researched the origin of the firearm and determined that it was not manufactured in Kentucky and had thus traveled in foreign or interstate commerce." *Id.* Ultimately, this Court accepted Ford's guilty plea and sentenced him to 78 months in prison. *See id.* at R. 21. Ford did not file a direct appeal. Instead, he moved to vacate his sentence pursuant to 28 U.S.C. § 2255, *see id.* at R. 22, but this Court denied his request for relief, *see id.* at R. 37.

Ford now pursues relief via § 2241. Ford claims that his 2015 conviction for being a felon in possession of a firearm is no longer valid because of the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2191. Thus, Ford asks this Court to vacate his conviction.

Ford's petition, however, constitutes an impermissible collateral attack on his conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Ford cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

2

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Ford has not met all of these requirements. Even assuming, without deciding, that the first three *Wooten* elements are satisfied in this case, Ford still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner). Here, Ford has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon when he possessed the firearm in question.

If anything, Ford's own plea agreement undercuts the implication that he somehow did not know that he was a felon when he possessed the firearm in March 2015. *See Ford*, No. 5:15-cr-046 at R. 15. After all, Ford specifically admitted in his plea agreement "that he knowingly possessed a firearm and that at the time of the possession of the firearm he had been previously convicted of the felony offense of Assault Third Degree by final judgment of the Fayette Circuit Court, Case Number 11-CR-1024, on or about December 9, 2011." *Id.* at R. 15 at 3. Thus, it is clear that Ford was well aware of his status as a felon in August 2015, and he puts forth no evidence and points to nothing in the record that suggests that the same was not true just months earlier, in March 2015, when he committed the crime in question. In short, Ford simply has not met his

3

burden—i.e., he has not demonstrated that it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm.

Ford nevertheless suggests that, in light of *Rehaif*, this Court should vacate his conviction because he did not know that the firearm in question traveled in interstate commerce. [*See* R. 1-1 at 3-4]. However, in *Rehaif*, the Supreme Court made it clear that the mens rea requirement does not apply to this jurisdictional element. *See Rehaif*, 139 S. Ct. at 2196 ("No one here claims that the word 'knowingly' modifies the statute's jurisdictional element."). Other federal courts have recognized this fact, pointing out that "*Rehaif* did not make the 'interpretive leap' to 'apply a 'knowing' scienter to the interstate commerce element.'" *Moss v. Dobbs*, No. 8:19-cv-2280, 2019 WL 7284989, at *9 (D.S.C. 2019) (quoting *United States v. Schafer*, No. 3:19-cr-47, 2019 WL 4393682, at *2 (N.D. Ind. 2019)). In short, there is no merit to Ford's argument regarding the jurisdictional element, and, thus, his habeas petition is simply unavailing.

Accordingly, it is **ORDERED** as follows:

1. Ford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.
2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.
3. The Court will enter a corresponding Judgment.

Dated April 10, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY